Randall B. Bateman (USB 6482)
C. Todd Kinard (USB 12575)
Sarah W. Matthews (USB 13295)
BATEMAN IP LAW GROUP, P.C.
8 East Broadway, Suite 550
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, ctk@batemanip.com, sm@batemanip.com

*Attorneys for Plaintiff*,
Emergency Essentials, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EMERGENCY ESSENTIALS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NAMECHEAP, INC., a Delaware corporation, d/b/a WHOISGUARD; BLUEHOST, INC., a Utah corporation; WILLIAM TINGLE; and DOES 1 through 5,<br><br>Defendants. | **AMENDED COMPLAINT AND JURY DEMAND**<br><br><br><br>Case No. 2:11-cv-00411-BCW<br><br>Magistrate Judge Brooke C. Wells |

COMES NOW, Plaintiff Emergency Essentials, Inc., and complains against Defendants and each of them as follows:

1

## PARTIES

1.      Plaintiff, Emergency Essentials, Inc. (hereinafter "Emergency Essentials") is a Utah corporation having a principal place of business in Orem, Utah.

2.      Defendant Namecheap, Inc. ("Namecheap") is a Delaware Corporation having a principle place of business in Los Angeles, California.

3.      Defendant Bluehost, Inc. ("Bluehost") is a Utah corporation having a principal place of business in Provo, Utah.

4.      Defendant William Tingle ("Tingle") is a resident of East Ellijay Georgia.

5.      On information and belief, Does 1 through 5 are owners, employees, associates, affiliates, customers and/or agents of the named Namecheap, Bluehost and/or Tingle who have actively participated in the actions alleged herein.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.*  The Court has jurisdiction pursuant to 28 U.S.C. § 1338 and jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district under 28 U.S.C. §1391(b and c), pursuant to the Lanham Act and because the actions herein alleged took place within this jurisdiction and/or because all Defendants are either found in this District or are otherwise subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

8.      Defendant Namecheap is a registrar of domain names used on the Internet.

9.      Policies of the Internet Corporation of Assigned Names and Numbers ("ICANN"), the entity which regulates the registering of ".com" domain names, requires the registrant of a domain name to provide the registrant's name and contact information to the public.

10.     One important reason for the registrant's name and contact information to be public is to allow owners of intellectual property to communicate with, and enforce their rights against, those who pirate or otherwise infringe intellectual property.

11.     Namecheap provides a service to domain name owners who register their domain names with Namecheap called "WhoisGuard."

12.     WhoisGuard allows the domain name owner to avoid disclosing their name and contact information to the public.  Instead the registrant is listed as WhoisGuard.

13.     On information and belief, WhoisGuard is frequently used by companies and individuals who infringe intellectual property of third parties to hide their identities and slow the efforts of intellectual property owners to enforce their rights.

14.     According to ICANN policies, current contact information is to be provided for each domain name.

15.     Plaintiff Emergency Essentials is a company which specializes in selling food storage and other emergency preparedness supplies.  Emergency Essentials has been operating for more than 20 years in Utah and other states.

16.      Emergency Essentials has spent substantial amounts of money in developing

goodwill in its EMERGENCY ESSENTIALS marks and has a large number of U.S. Trademark

Registrations, including Registration Nos. 3,665,475; 3,659,764, 3,582,153; 3,582,152;

3,574,562; 3,571,179; 3,571,178; 3,571,177; 3,571,176; 3,571,175; 3,571,174; 3,571,173;

3,571,172; 3,568,952; 3,568,951; 3,439,473 for EMERGENCY ESSENTIALS (registrations

attached hereto as Exhibit A).

17.      Emergency Essentials has developed substantial and valuable goodwill in its

EMERGENCY ESSENTIALS trademarks through advertising, industry recognition, and a

history of providing high quality products under the mark.  As a result, Emergency Essentials has

developed widespread recognition and secondary meaning in its EMERGENCY ESSENTIALS

trademarks throughout the United States, all of which has inured and continues to inure to

Emergency Essentials substantial benefit.

18.      On or about January 23, 2011, Defendant WhoisGuard registered the website

www.theemergencyessentials.com ("the website").

19.      The website purports to teach people about emergency preparedness and provides

links to websites that sell emergency preparedness supplies.  In several places, the website uses

the trademark "Emergency Essentials."

20.      In several places, Emergency Essentials is placed in bold type, hyperlinked text.

Clicking on the hypertext link forwards users to other websites, namely Plaintiff's competitors.

(A copy of portions of the website is attached hereto as Exhibit B).

4

21.     The website's use of the EMERGENCY ESSENTIALS trademarks in interstate commerce in association with the advertising and sale of emergency preparedness supplies constitutes an infringement of Emergency Essentials' rights in the trademarks, developed through Emergency Essentials' use of the trademarks in interstate commerce in association with the sale of emergency preparedness supplies, and their U.S. trademark registrations.

22.     On information and belief, the only purpose for placing the trademark EMERGENCY ESSENTIALS on theemergencyessentials.com was to mislead the public into believing that the website was being sponsored or was affiliated with Emergency Essentials and to direct traffic away from Emergency Essentials and toward the websites of Emergency Essentials' competitors.

23.     On information and belief, Tingle repeatedly placed the EMERGENCY ESSENTIALS trademark on the website to generate traffic to the website and to profit by referring traffic to Emergency Essential's competitors.

24.     As of the filing of the present suit, Defendant WhoisGuard was the listed registrant of the theemergencyessentials.com website.  On information and belief, WhoisGuard is a d/b/a of Defendant Namecheap.

25.     On information and belief, Tingle was the licensee, principle or actual registrant of the themergencyessentials.com domain name and had control over the content on the website.

26.     On information and belief, one of more of DOES 1 through 5 are owners or licensees of the theemergencyessentials.com website and/or have a business relationship with Namecheap and/or Tingle.

27.     A cease and desist letter was sent via certified mail and via facsimile to WhoisGuard on January 25, 2011 based on the registrant's contact information for the theemergencyessentials.com domain name.  The return receipt on the facsimile shows receipt by WhoisGuard.  The certified mail, however, was returned as undeliverable.

28.     A courtesy copy of the cease and desist letter was also sent to Bluehost, who was listed as the hosting service on the Whois listing.

29.     Despite being listed as the registrant of the domain name, WhoisGuard failed to respond to the cease and desist letter, failed to identify any other entity as owning or controlling the infringing website, and failed to shut down the website.

30.     A second cease and desist letter was sent on March 8, 2011 directly to Namecheap.

31.     A courtesy copy of the March 8, 2011 cease and desist letter was also sent to Bluehost.

32.     As of the filing of the present litigation, WhoisGuard had failed to identify any other owner of the website.  Therefore, WhoisGuard is responsible for the content of the website.

33.     On information and belief, Defendant Bluehost is the host server for the website theemergencyessentials.com.

34.     Bluehost failed to identify the owner or person controlling the website in response to either of the cease and desist letters sent to Bluehost.   On information and belief, Bluehost failed to take any actions in response to the demands that the actions infringing the EMERGENCY ESSENTIALS trademarks cease.

35.     One of the websites to which the website forwarded traffic was owned by The Ready Store, a competitor of Emergency Essentials.

36.     On or about April 27, 2011, Emergency Essentials sent a cease and desist letter to The Ready Store.

37.     On or about April 29, 2011, The Ready Store answered and asserted that the website was not associated with them, but was controlled by a third-party affiliate.

38.     The Ready Store further indicated that it had notified its third-party affiliate of the infringement allegations and suspended the third party's affiliate account.

39.     Shortly thereafter, theemergencyessentials.com was modified so that the "Emergency Essentials" hypertext links were directed toward Amazon.com instead of The Ready Store.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)

40.     Emergency Essentials incorporates and realleges paragraphs 1 through 39 of this Complaint, as though fully set forth herein, and further alleges:

41.     Emergency Essentials owns U.S. registered trademarks for the mark EMERGENCY ESSENTIALS, including Registration Nos. 3,665,475; 3,659,764, 3,582,153; 3,582,152; 3,574,562; 3,571,179; 3,571,178; 3,571,177; 3,571,176; 3,571,175; 3,571,174; 3,571,173; 3,571,172; 3,568,952; 3,568,951; 3,439,473.

42.     Defendants, without authorization, used the registered marks EMERGENCY ESSENTIALS in commerce in connection with the sale, offer for sale, distribution, and advertisement of emergency preparedness goods.

43.     Defendants unauthorized use of the registered trademarks EMERGENCY ESSENTIALS is likely to cause confusion, mistake, or to deceive the public as to the source of goods and services.

44.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for trademark infringement pursuant to 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))

45.     Emergency Essentials incorporates and realleges paragraphs 1 through 44 of this Complaint, as though fully set forth herein, and further alleges:

46.     Emergency Essentials is well known for its emergency preparedness products.

47.     Emergency Essentials markets its products under the trademarks EMERGENCY ESSENTIALS.

48.     The EMERGENCY ESSENTIALS trademarks have developed considerable goodwill among consumers.

49.     Defendants misrepresented to the public that their website was affiliated with or sponsored by Emergency Essentials by using the trademarks EMERGENCY ESSENTIALS on the website in several places, in bold, underlined font.

50.     Defendants then directed users of the website to Emergency Essentials' competitors.

51.     Defendants' actions create a likelihood of confusion among the public as to the affiliation or sponsorship of Defendants' website with Emergency Essentials.

52.     Defendants used the trademarks EMERGENCY ESSENTIALS with the specific purpose of misleading the public into believing that Emergency Essentials was affiliated, connected, or associated with their website.

53.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a).

54.     By reason of the foregoing, Emergency Essentials asserts that the present case is exceptional and entitles Emergency Essentials to treble damages and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d))

55.     Emergency Essentials incorporates and realleges paragraphs 1 through 54 of this Complaint, as though fully set forth herein, and further alleges:

56.     Emergency Essentials is well known for its emergency preparedness products.

57.     Emergency Essentials markets its products under the trademarks EMERGENCY ESSENTIALS.

58.     Defendant Namecheap and at least one of the Does registered the domain name theemergencyessentials.com.

59.     On information and belief, one or more of the Defendants had bad faith intent to profit from the mark when registering the domain name.

60.     One or more of the Defendants has used the domain name in conjunction with a website which repeatedly uses the EMERGENCY ESSENTIALS trademarks and hypertext links the trademarks to websites of Emergency Essentials' competitors.

61.     By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for injunctive relief and monetary damages for violating the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(d).

62.     By reason of the foregoing, Emergency Essentials asserts that the present case is exceptional and entitles Emergency Essentials to treble damages and attorneys' fees.


**FOURTH CLAIM FOR RELIEF**

**(Contributory Trademark Infringement and Unfair Competition)**

63.     Emergency Essentials incorporates and realleges paragraphs 1 through 62 of this Complaint, as though fully set forth herein, and further alleges:

64.     Bluehost had constructive knowledge of the trademark infringement by virtue of the title of the infringing website theemergencyessentials.com.

10

65.    Bluehost had actual knowledge of the trademark infringement by at least the cease and desist letters sent January 25, 2011 and March 8, 2011.

66.    Despite being aware of Emergency Essentials' trademark registrations and the infringements thereof being perpetrated by the other Defendants, Bluehost continued to host and propagate the website.

67.    By virtue of such conduct, Bluehost is contributorily liable for WhoisGuard's acts of trademark infringement and unfair competition under federal law.

68.    The acts complained of herein above have caused irreparable harm, damage and injury to Emergency Essentials, and Emergency Essentials has no adequate remedy at law.

69.    Bluehost's acts were in bad faith, in conscious and deliberate disregard of Emergency Essentials' rights, and were performed with the intention of depriving Emergency Essentials of its rights. Accordingly, Bluehost's conduct merits, and Emergency Essentials seeks an award of punitive damages in an amount sufficient to punish Bluehost and deter such conduct in the future.

70.    By reason of the foregoing, Emergency Essentials asserts a claim against Defendants for contributory infringement and unfair competition.


**FIFTH CLAIM FOR RELIEF**

**(Unfair practices Under the Utah Unfair Practices Act, Utah Code Ann. § 13-5-1, *et seq*.)**

71.    Emergency Essentials incorporates and realleges paragraphs 1 through 70 of this Complaint, as if the same were fully set forth herein, and further alleges:

11

72.     Defendants' actions constitute unfair methods of competition in commerce or trade because they offend public policy, they are immoral, unethical, oppressive, and/or unscrupulous, and/or they cause substantial injury to consumers.

73.     Defendants have used the trademarks EMERGENCY ESSENTIALS to induce the public to visit their site and to shop on the websites of Emergency Essentials' competitors.

74.     Defendants' tortious actions have caused, and continue to cause damage to Emergency Essentials' goodwill and value in its EMERGENCY ESSENTIALS trademarks in an amount to be determined at trial.

75.     Defendants' actions were done knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against Defendants, in an amount to be determined at the time of trial.

76.     Emergency Essentials is entitled to recover three times the amount of actual damages sustained, or $2,000, whichever is greater, plus court costs.

77.     Defendants' tortious actions have caused, and unless enjoined by this Court will cause in the future, irreparable damage, loss, and injury to Emergency Essentials for which Emergency Essentials has no adequate remedy at law.

78.     Emergency Essentials is entitled to injunctive relief under Utah Code Ann. § 13-5-14.

79.     By reason of the foregoing, Emergency Essentials asserts a claim against the Defendants for violation of the Utah Unfair Practices Act.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition under the Utah Unfair Competition Act,
### Utah Code Ann. § 13-5(a)-101, et seq.)

80.     Emergency Essentials incorporates and realleges of paragraphs 1 through 79 of this Complaint, as if the same were fully set forth herein, and further alleges:

81.     Defendants' actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Emergency Essentials' intellectual property.

82.     Defendants' actions constitute an infringement of Emergency Essentials' trademarks.  Defendants' tortious actions have caused, and unless enjoined by this Court will cause in the future, irreparable damage, loss, and injury to Emergency Essentials for which Emergency Essentials has no adequate remedy at law.

83.     Pursuant to Utah Code Ann. § 13-5a-103, Emergency Essentials is entitled to actual damages, costs and attorney fees, and punitive damages.

84.     By reason of the foregoing, Emergency Essentials asserts a claim against the Defendants for violation of the Utah Unfair Competition Act.

## SEVENTH CLAIM FOR RELIEF

### (Deceptive Trade Practice under the Utah Truth in Advertising Act,
### Utah Code Ann. § 13-11(a)-101, *et seq.*)

85.     Emergency Essentials incorporates and realleges paragraphs 1 through  84 of this Complaint, as though fully set forth herein, and further alleges:

86.     Defendants, in the course of their business, caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association or certification of goods linked to the website theemergencyessentials.com.

87.     Pursuant to Utah Code Ann. § 13-11(a)-4, Emergency Essentials is entitled to recover three times the amount of actual damages sustained, or $2,000, whichever is greater, plus court costs. Emergency Essentials is also entitled to injunctive relief under Utah Code Ann. § 13-11(a)-4, attorneys' fees, and an order to cause defendants to promulgate corrective advertising.

88.     By reason of the foregoing, Emergency Essentials asserts a claim against the Defendants for violation of the Utah Truth in Advertising Act.

**EIGHTH CLAIM FOR RELIEF:**

**(Cybersquatting Under Utah Code § 70-3a-309)**

89.     Emergency Essentials incorporates and realleges paragraphs 1 through 88 of its Complaint, as if the same were fully set forth herein.

90.     The actions of the Defendants constitute cybersquatting under Utah Code § 70-3a-309.

91.     Emergency Essentials is entitled to an Order requiring the Defendants to transfer the domain name theemergencyessentials.com to Emergency Essentials.

92.     Emergency Essentials is entitled to an assessment of statutory damages up to $100,000 against the Defendants pursuant to Utah Code § 70-3a-402(3).

93.     Emergency Essentials is entitled to an assessment of attorneys' fees and costs against the Defendants.

94.     By reason of the foregoing, Emergency Essentials asserts a claim against the Defendants for cybersquatting under Utah law.


**NINTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

95.     Emergency Essentials incorporates and realleges paragraphs 1 through 94 of this Complaint, as though fully set forth herein, and further alleges:

96.     Emergency Essentials has expended considerable time and resources developing and promoting its EMERGENCY ESSENTIALS trademarks.

97.     Defendants were aware of the benefit of using the EMERGENCY ESSENTIALS trademarks and sought to appropriate the time and resources expended by Emergency Essentials without the authorization or consent of Emergency Essentials.

98.     By using the EMERGENCY ESSENTIALS trademarks without compensation to Emergency Essentials, Defendants have been unjustly enriched.

99.     By reason of the forgoing, Emergency Essentials makes a claim against each Defendant for Unjust Enrichment.

## TENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

100.     Emergency Essentials incorporates and realleges paragraphs 1 through 99 of this Complaint, as though fully set forth herein, and further alleges:

101.     On information and belief, two or more of the Defendants did combine, and by concerted action have sought to infringe Emergency Essentials' trademarks and to mislead the public into believing that their website was sponsored or affiliated with Emergency Essentials.

102.     Emergency Essentials is entitled to a judgment against each Defendant found to have participated in the civil conspiracy alleged above for the entire amount of the damages Emergency Essentials has sustained as a result thereof.

103.     By reason of the forgoing, Emergency Essentials makes a claim against each Defendant for Civil Conspiracy.

## ELEVENTH CLAIM FOR RELIEF

### (Negligence - Namecheap)

104.     Emergency Essentials incorporates and realleges paragraphs 1 through 103 of this Complaint, as though fully set forth herein, and further alleges:

105.     Namecheap, received notice of the infringement of Emergency Essentials' trademark rights on or about January 25, 2011.

106.     Namecheap received notice of the infringement again on or about March 11, 2011.

107.    As the registrant of record of the domain theemergencyessentials.com, Namecheap had a duty of care to Emergency Essentials to ensure that the licensees of WhoisGuard are not using the website to injure Emergency Essentials or mislead the public.

108.    On information and belief, Namecheap failed to take reasonable steps to ensure that the website was not being used in violation of Emergency Essentials' rights after Namecheap was notified of the acts of infringement.

109.    Despite Emergency Essentials' repeated attempts, Namecheap failed to notify Emergency Essentials of the identity of any other licensee or owner of the theemergencyessentials.com website with whom Emergency Essentials could demand that the trademark infringements cease.

110.    On information and belief, Namecheap failed to notify any other licensee or owner of the theemergencyessentials.com website or demand that they remove the infringing content from their website.

111.    On information and belief, Namecheap has a policy of delaying disclosure of its licensees in order to increase the use of its privacy protection services.

112.    Emergency Essentials has been injured by the failure of Namecheap to take reasonable actions in response to Emergency Essentials' notices of trademark violations on the theemergencyessentials.com website.

113.    To the extent Namecheap claims not to have received notices of the infringement sent on January 25, 2011, Namecheap was negligent for failing to keep the contact information associated with the theemergencyessentials.com domain name current.

17

114.    Emergency Essentials has been damaged by Namecheap's failure to keep the contact information associated with the theemergencyessentials.com domain name current, as its failure has resulted in the prolonged infringement of Emergency Essentials' trademarks.

115.    By the foregoing, Emergency Essentials makes a claim against Namecheap for negligence.

## TWELFTH CLAIM FOR RELIEF

### (Negligence – Bluehost)

116.    Emergency Essentials incorporates and realleges paragraphs 1 through 115 of this Complaint, as though fully set forth herein, and further alleges:

117.    Bluehost received notice of the infringement of Emergency Essentials' trademark rights on or about January 25, 2011.

118.    As the host server of the domain theemergencyessentials.com, Bluehost had a duty of care to Emergency Essentials to ensure that the websites they host are not using the website to injure Emergency Essentials or mislead the public.

119.    On information and belief, Bluehost failed to take reasonable steps to ensure that the website was not being used in violation of Emergency Essentials' rights after Bluehost was notified of the acts of infringement.

120.    On information and belief, Bluehost failed to notify the owner of the theemergencyessentials.com website, demand that they remove the infringing content from their

website, or temporarily shut down the website to protect Emergency Essentials' intellectual property.

121.    Emergency Essentials has been injured by the failure of Bluehost to take reasonable actions in response to Emergency Essentials' notices of trademark violations on the theemergencyessentials.com website.

122.    By the foregoing, Emergency Essentials makes a claim against Bluehost for negligence.

## THIRTEENTH CLAIM FOR RELIEF

### (Agent For Undisclosed Principle – Namecheap)

123.    Emergency Essentials incorporates and realleges paragraphs 1 through 122 of this Complaint, as though fully set forth herein, and further alleges:

124.    On information and belief, Namecheap registered the domain name theemergencyessentials.com acting as the agent for an undisclosed principle.

125.    Despite multiple cease and desist letters, Namecheap has failed to disclose the principle for whom it was acting when it registered theemergencyessentials.com domain.

126.    By the foregoing, Emergency Essentials asserts that Namecheap is liable as an agent acting on behalf of an undisclosed principle.

## PRAYER FOR RELIEF

WHEREFORE, Emergency Essentials prays for judgment against Defendants as follows:

A.      Enjoining each Defendant, and all other persons participating or acting in concert with them, from making, hosting or distributing websites that include the EMERGENCY ESSENTIALS trademarks without the authorization from Emergency Essentials;

B.      Enjoining Defendants, and all other persons participating or acting in concert with them, from infringing Emergency Essentials' trademarks directly or contributorily;

C.      Ordering each Defendant to prepare an accounting of all proceeds generated by the development and use of the infringing website;

D.      Ordering each Defendant to conduct corrective advertising to advise the public that their respective companies are not affiliated, connected or associated with Emergency Essentials.

E.      Awarding Emergency Essentials its damages and/or any profits of Defendants and its costs of the action pursuant to 15 U.S.C. § 1117(a).

F.      Awarding Emergency Essentials treble its damages and/or defendants profits pursuant to 15 U.S.C. § 1117(b);

G.      Awarding Emergency Essentials statutory damages in the amount of $100,000 for each of the counterfeit EMERGENCY ESSENTIALS trademarks pursuant to 15 U.S.C. § 1117(c);

H.      Finding that this is an exceptional case and award Emergency Essentials' attorneys' fees pursuant to 15 U.S.C. § 1117(a);

I.      Awarding Emergency Essentials statutory damages of up to $150,000 per violation of the Utah E-Commerce Integrity Act, Utah Code Ann. §13-40-401.

J.      Awarding Emergency Essentials three times their damages and an amount not less than $2,000 for violation of the Utah Unfair Practices Act, Utah Code Ann. §13-5-14.

K.      Awarding injunctive relief and court costs pursuant to the Utah Unfair Practices Act, Utah Code Ann. §13-5-14.

L.      Awarding Emergency Essentials three times their damages and an amount not less than $2,000 for violation of the Utah Truth in Advertising Act, Utah Code Ann. §13-11(a)-3.

M.      Awarding injunctive relief, court costs, and attorneys' fees pursuant to the Utah Truth in Advertising Act, Utah Code Ann. §13-11(a)-4.

N.      Awarding Emergency Essentials actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103.

O.      Awarding Emergency Essentials costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

P.      Awarding Emergency Essentials punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

Q.      Finding that all defendants are jointly and severally liable for any judgment entered herein due to their civil conspiracy.

R.      Awarding Emergency Essentials damages for the negligence of Namecheap.

S.      Finding that Namecheap is liable as an agent acting on behalf of an undisclosed principle.

T.      Awarding Emergency Essentials pre-judgment and post-judgment interest until such awards are paid; and

21

U.     Awarding such other and further relief as is just and equitable.


## **JURY DEMAND**

Plaintiff demands a jury by trial on all claims for relief and all issues so triable.


DATED this 11th  day of May, 2011.


       BATEMAN IP LAW GROUP

       /s/Randall B. Bateman

       Randall B. Bateman
       C. Todd Kinard
       Sarah W. Matthews

       *Attorneys for Plaintiff*
       Emergency Essentials, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Amended Complaint and Jury Demand was

served on Defendants on May 11, 2011 as follows:

(Counsel for Namecheap)
Eugene Rome
ROME & ASSOCIATES
2029 Century Park East, Suite 1040
Los Angeles, CA 90067                    (Via First Class Mail)

(Counsel for Bluehost)
Tom Monagan
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, IL 60654                        (Via First Class Mail)


                                    /s/Randall B. Bateman